Reversed and remanded.

# PETER BRESSLER

## V.

## AUGUST SCHWERTFERGER.

INSTRUCTIONS.—Where certain instructions given assumed that an alleged settlement was not made, which was the question at issue and upon which the evidence was conflicting. *Held*, that the fact that other instructions were given stating that if the settlement had been made, then, etc., did not cure the error.

Bressler v. Schwertferger.

APPEAL from the Circuit Court of Whiteside county; the Hon. WILLIAM BROWN, Judge, presiding.    Opinion filed August 20, 1884.

Messrs. C. J. & C. C. Johnson, for appellant; cited C. & N. W. Ry. Co. v. Dimick, 96 Ill. 47;  Am. Ins. Co. v. Crawford, 89 Ill. 62; Chambers v. People, 105 Ill. 409.

Mr. J. E. McPHERRAN, for appellee; cited McNally v. O'Brien, 88 Ill. 237; Lovinguth v. City of Bloomington, 71 Ill. 238;  Mass. M. L. Co. v. Robinson, 98 Ill. 325.

LACEY, J.   This was a suit brought by appellant against appellee in assumpsit to recover an account, and the appellee pleaded general issue and also a plea of set-off.

The trial before the court and a jury resulted in a verdict and judgment over against appellant in the sum of $135.    The evidence shows and it is admitted by counsel for appellee that if one item of the latter's account of set-off amounting to between $200 and $300 had not been allowed, the verdict and judgment should have been for appellant.   Concerning this item it was contended by appellant and denied by appellee, that it was included in a settlement between them in August, 1881.   The evidence as to whether this item was so included in the settlement or not was conflicting.

The claim in appellee's set-off account mentioned originated in a debt due from appellant as security for one Low, to a firm in Chicago of the name of Pelton & Pomeroy, of $1,200, which was compromised by appellant and that firm for $600, appellee and Frank Bressler securing the claim, for which appellee claims he was to be paid of the amount saved one half of it, or $300, appellant claiming he was only to have one third or $200.

At the instance of the appellee the following instruction was given, which was excepted to by appellant and now assigned for error, to wit:

" That if the jury believe from the evidence the plaintiff and defendant settled up all their matters of account in full

on the 23d day of March, 1883, in the office of Adam Smith at Sterling, except the so called claim of Pelton & Pomeroy and the balance of $37 due from Bressler to defendant, then the jury shall find for the defendant and assess his damages at such amount as they may determine from the evidence is due him, the defendant, for and on account of such Pelton & Pomeroy claim, if the same has been proven." The 4th and 6th of appellee's instructions are somewhat similar as regards the Pelton & Pomeroy claim.

It will be seen that this instruction wholly ignores the question at issue, as to whether or not the claim was settled in August, 1881, and assumes that it was not so settled, thus depriving appellant of all his evidence produced to show that it was settled in August, 1881. This was certainly erroneous; but it is claimed that the court gave for appellant instructions to the effect that if the claim was settled in August, 1881, and the evidence showed it, the appellee should not be allowed it on account, and hence the error could do no harm. We are not prepared to say that such was the case. It can not be known what effect this error had, and we can not say from an examination of the evidence that the merits were clearly in favor of appellee; that the instructions did appellant no harm. This error was repeated in two other instructions. And the court should not have assumed that appellant owed appellee $37 besides this Pelton & Pomeroy item. We express no opinion as to the weight of the evidence as it is not necessary, the judgment being reversed for error in giving appellee's instructions. The judgment is reversed and cause remanded.

Reversed and remanded.